

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-16-00014-CR

_____

DAVID OSCAR ANDRADE, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 196th District Court
Hunt County, Texas
Trial Court No. 24,282

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Burgess

# MEMORANDUM OPINION

David Oscar Andrade pled guilty to driving while intoxicated, third or more,[1] pursuant to a plea agreement. In accordance with the sentencing recommendations included in the plea agreement, the trial court sentenced Andrade on May 16, 2007, to ten years' incarceration, suspended that sentence, and placed Andrade on ten years' community supervision. Subsequently, in November 2015, the State moved to revoke Andrade's community supervision, alleging that Andrade had committed two violations of the conditions of his community supervision. Andrade pled true to both of the violations alleged by the State, and following the presentation of punishment evidence, the trial court sentenced Andrade to ten years' incarceration. Andrade appeals.

Andrade's appellate attorney filed a brief setting out the procedural history of the case, summarizing the evidence elicited during the course of the trial court proceedings, and concluding that the appellate record presents no arguable grounds to be raised on appeal. Meeting the requirements of *Anders v. California*, counsel has provided a professional evaluation of the record demonstrating why there are no plausible appellate issues to be advanced. *See Anders v. California*, 386 U.S. 738, 743–44 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978). Counsel also filed a motion with this Court seeking to withdraw as counsel in this appeal.

---

[1]*See* TEX. PENAL CODE ANN. § 49.09(b) (West Supp. 2016).

Counsel forwarded copies of his brief and motion to withdraw to Andrade and informed him of his rights to review the appellate record and to file a pro se response to counsel's brief, should he so desire. Additionally, counsel provided Andrade with a complete copy of the appellate record in this matter. We received neither a pro se response from Andrade nor a motion requesting an extension of time in which to file such a response.

We have determined that this appeal is wholly frivolous. We have independently reviewed the entire appellate record and, like counsel, have determined that no arguable issue supports an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). In the *Anders* context, once we determine that the appeal is without merit, we must affirm the trial court's judgment. *Id.*

We affirm the judgment of the trial court.[2]


Ralph K. Burgess
Justice


Date Submitted:    October 5, 2016
Date Decided:    October 6, 2016

Do Not Publish

---

[2]Since we agree that this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of Andrade in this case. *See Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should Andrade desire to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review (1) must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing was overruled by this Court, *see* TEX. R. APP. P. 68.2, (2) must be filed with the clerk of the Texas Court of Criminal Appeals, *see* TEX. R. APP. P. 68.3, and (3) should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure, *see* TEX. R. APP. P. 68.4.